MURPHY, Plaintiff, v. TRAVELERS' INSURANCE COMPANY, Defendant.

Supreme Court, New York County, March 27, 1928.

*Thomas & Friedman,* for the plaintiff.

*William J. Moran,* for the defendant.

Coтillo, J.   The plaintiff has moved for judgment on the pleadings under rule 112 of the Rules of Civil Practice, and the defendant, in a brief submitted in opposition to the motion, has asked under the authority of that rule for the same relief.   The undisputed facts are these:

On August 21, 1925, the defendant delivered to Edward A. Murphy, the husband of the plaintiff, its policy of life insurance, dated August 14, 1925, in the sum of $20,000.   This policy was delivered to Murphy in Chicago, where he had theretofore applied for it, and it was in that city that the first annual premium was paid. In his application Murphy stated and represented that he was born on the 11th day of August, 1880, and that his age when he signed the application was forty-five years.   The annual premium of $641.80 provided for in the policy was the proper charge for a man of forty-five years for a $20,000 life insurance contract.   As a matter of fact Murphy at that time was fifty years of age, since the correct date of his birth was August 11, 1875.

The policy, which is attached to the pleadings, contains many provisions with respect to the rights and obligations of the parties, two of which are material to the disposition of the motions now before the court.   The first of these is the incontestability clause which appears on the first page of the policy:

" *Incontestability.*— This contract shall be incontestable after one year from date of issue, except for nonpayment of premiums.   It is free from conditions as to residence, occupation, travel or place of death, including military or naval service, unless such service shall be restricted by indorsement hereon at the time of issuance of the contract.   This contract is subject to the privileges and conditions recited on the subsequent pages hereof."

The 3d page of the policy, under the heading " General Conditions," contains this provision:

" *Misstatement of Age.*— If the age of the insured was incorrectly stated in the application for this contract, the amount payable hereunder shall be the insurance which the actual premium paid would have purchased at the true age of the insured.   Age will be admitted on satisfactory proof."

Murphy died on the 21st day of February, 1927.   The date of his death was more than one year from the date of issue of the policy and after the period prescribed in the incontestability clause.   After her appointment as administratrix of her husband's estate, plaintiff demanded that the defendant honor the proof of death of her hus-

band theretofore furnished and pay to her $20,000, the face value of the policy. This the defendant refused to do, offering instead the sum of $15,835.18, that being the amount of insurance which the deceased, Edward A. Murphy, could have purchased at the age of fifty years for an annual premium of $641.80. This action was brought consequent upon the refusal of the plaintiff to accept the reduced amount. Attached to the answer is a stipulation of the parties, which indicates that since the commencement of the action there has been paid to the plaintiff by the defendant the sum of $15,835.18, together with the interest on that sum, without prejudice to her claim for the balance of $20,000 and interest on that balance.

The question of law which is presented by the facts is simply this: Is the defendant, in resisting payment of the full amount of insurance, contesting the policy in violation of the terms of the incontestability clause? The plaintiff asserts that, if her husband had died within one year from the date of the policy, the liability of the defendant would be limited on the contract to the amount which has been paid to her. But, since death did not occur until after the prescribed period, the incontestability clause has nullified the provision with respect to misstatement of age, and the liability of the defendant for the face amount of the contract is absolute. The defendant contends that it does not now nor has it ever questioned the validity of the contract of insurance, but in defending this action it is simply insisting that the contract be performed as the parties intended at the time of its creation.

It is argued by counsel that the incontestability clause and the condition as to misstatement of age are in no wise related to each other and in no respect dependent. The question of the survival of one over the other is not involved. It seems to me that little comfort is to be found by either party in the authorities which have been cited. I will not say that the problem is one of first instance, but I do not feel myself concluded by any decisions to which I have been referred, or which I have discovered. When the insured, Edward A. Murphy, applied for life insurance, no matter what age he may have stated in his application, he knew that he was entitled to no more than the amount which he could purchase for the stipulated premium at his true age. This was clearly what the defendant intended when it issued its policy. Can it be logically said that the defendant intended that this intent expressed in the contract should prevail for only one year? I do not think so. A contrary conclusion would of necessity involve an intentional injustice on the part of the defendant to every policyholder paying premiums predicated upon true age. This, it seems to me, was never contemplated.

The claim that defendant is contesting a contract contrary to its provisions is not well founded. The case might better be stated in this fashion: The plaintiff is attempting to enforce a contract which was never made, is seeking to obtain something which was never paid for, is striving to employ that which was designed for her protection as an instrument of injustice to the defendant and all its policyholders. I agree with the plaintiff that the policy is an Illinois contract, but that in no way alters the conclusion which I have reached.

Plaintiff's motion is denied. Defendant's motion is granted. No costs. Order signed.