Three bills of complaint were filed by the several above named companies against the defendant, Abram Kanter. Each bill asks for a reformation of a life insurance policy or policies issued by the complainant company. The three cases were heard together.
The life insurance policies were issued to the defendant at various times between 1915 and 1925. One policy was issued by The Prudential Insurance Company of America and three each by the Metropolitan Life and the New York Life Insurance Companies. All the policies issued by the New York Life, one by the Metropolitan and the one by the Prudential provided for monthly payments to the defendant should he become totally or permanently disabled prior to his attaining the age of sixty years. These last mentioned policies also waived payment of premiums in the event of such disability.
The companies asked to have these policies reformed as to the age of the defendant therein stated. They say that the defendant did not state his true age at the time the several policies were issued but gave an age less than his true age. The defendant claims that under the policies he became disabled before he attained the age of sixty years and, therefore, is entitled to the payments for disability benefits and waiver of the premiums. The complainants refused to make payment and suits were begun in the law courts of this state by the defendant to recover the same. Such actions were restrained pending the determination of this case.
The evidence discloses that defendant applied to the New York Life Insurance Company in 1915 for one of said policies and stated in his application that he was born January 30th, 1876, giving his age as forty years. The company apparently noticed the discrepancy between the date of birth given and the age at the time application was made and thereupon furnished defendant with a supplemental application. Defendant, in such supplemental application, gave the date of his birth as January 30th, 1875. In 1923 defendant applied for two additional policies with this company and again stated the date of his birth as 1876. Policies were issued based on this date. In 1925 defendant applied to The Prudential *Page 3 
Insurance Company for a policy and gave the date of his birth as 1876. The policy was issued based on said application and the premiums paid. During the years 1917, 1920 and 1923 defendant applied to the Metropolitan Life Insurance Company for the several policies above referred to, giving the date of his birth as 1876. The policies were issued on said applications.
Complainants contend that defendant was not born in the years 1875 or 1876 but at sometime prior thereto. They argue that he was born in 1871. The evidence on which they base this claim is from certain records, to wit: the records of Amelia Lodge of the I.O.O.F.; the records of the Little Ha Ha Tribe of the Improved Order of Red Men; the records of the Selective Service Division of the United States War Department which was in effect during the World War; and the naturalization records of Abraham Kander or Kanter now on file in the office of the clerk in the county of Passaic.
The records of the Amelia Lodge disclose that on October 13th, 1904, when the defendant applied for membership in the lodge, he was thirty-three years of age which would place his birth in 1871 or 1872. The application is signed by one, S. Cohen, and approved and seconded by one, E.J. Baker, neither of whom appeared as witnesses in this case. There was no evidence that the statement contained in this application was made by the defendant or that he had knowledge of the age therein stated. He did not sign the application. This proof, therefore, is without value.
The defendant joined the Little Ha Ha Tribe in December, 1912. He apparently signed a so-called question book. Opposite the question, "How old are you?" appears the notation, "40." The answers to these questions are not in the handwriting of the defendant. Defendant, however, did sign at the bottom of the page in a place provided therefor. The officer of the lodge, who had charge of entering the questions and answers, stated that these answers were entered by him from a proposal slip which was furnished by the person who proposed the member. There was no evidence that the defendant signed a proposal slip nor was any such produced. The officer further testified that after a candidate had been *Page 4 
favorably voted upon he was called before a meeting of the lodge, the questions and answers as appeared in the question book read to him and that he was then requested to sign the same. The said officer further said that he could not state whether such procedure was followed in the case of this defendant. The defendant himself, in regard to this matter, testified that he had joined this lodge because he was the owner of the building wherein the lodge met. He admitted that he was called before the meeting and signed the question book but was certain that the questions and answers were not read to him. I am inclined to believe defendant's statement. It does not seem that this evidence is sufficient to definitely establish his age at the time he joined the lodge or that it was an admission by him to that effect.
The chief clerk of the Selective Service Division of the World War Department testified that he examined the records of two local boards which had charge of registrations for military service during the World War. The records which he examined, it is contended, were those wherein the defendant should have registered had he been born subsequent to September 12th, 1872. He stated that his search disclosed no name of Abram or Abraham Kanter, Kantor, Kandor or similar names. This is negative evidence. Complainants contend that from such evidence it must be assumed the defendant did not register because he was above the draft age. This is, to say the least, rather speculative.
The next records produced were the naturalization files of the county clerk of Passaic county. A record of an application for citizenship was offered in evidence which was dated April 7th, 1903. This contained the name "Abraham Kander," who signed the same by making his mark. It showed the applicant as a native of Russia and renouncing his allegiance to Alexander III, Czar of Russia. The petition which accompanied this application was not dated but the jurat of the affidavit annexed thereto was dated September 18th, 1896, and was also signed "Abraham Kander" by a cross. It states that the petitioner therein was born in Cawno, Russia; that he arrived at the Port of New York on September 12th, 1890, and was then twenty-five years of age; that he was a carpenter *Page 5 
by trade and resided at 193 Third street, Passaic, New Jersey. It further stated that he intended to summon one, Wilalan Srobkowski, as a witness. There was also annexed thereto an affidavit of said witness who gave his occupation as bartender. The records further disclosed that the oath of allegiance was dated December 26th, 1902. This oath bore the signature of "Abraham Kanter." The affidavit accompanying the same was that of Willaem Srobkofski. Defendant stated that he could write his name in September, 1896, the time the petition was signed. To corroborate this, he produced a mortgage signed "A. Kanter" dated March, 1896. He further testified that he never knew anyone named "Willaem Srobkofski." He stated that when he was naturalized his witness was one, Wolf Schrab who was an expressman. He testified that he never resided at 193 Third street in the city of Passaic, which statement was corroborated by others. He denied that he came to the United States in 1890. His testimony that he came to this country in 1892 was also corroborated. I am not satisfied from the evidence that the party mentioned in the naturalization record is the defendant in this case.
The complainants have failed to sustain the burden of proof which would establish the age of the defendant other than that to which he testified. Defendant stated that he was born January 30th, 1875. I do not find evidence which establishes fraud on the part of the defendant. The absence of fraud distinguishes this case from a line of cases urged by complainant as applicable here. The policies in this case are governed by the statutory requirement in effect at the time they were written.
Since the date of the birth of the defendant as testified to by him is different from that stated in the applications, I am of the opinion that some of the policies should be reformed by stating his true age. Therefore, the policies issued by The Prudential Insurance Company and the Metropolitan Life Insurance Company should be reformed so that they state defendant's correct age. With respect to the two policies issued by the New York Life Insurance Company to the defendant in 1923, I have reached the conclusion that they *Page 6 
should not be reformed because of laches on the part of that complainant. The New York Life Insurance Company learned in 1915 that the defendant was born in 1875 and not in 1876. Nevertheless it issued two policies in 1923 based on the date of birth of defendant contained in that application as of 1876. The complainant had notice from its former policy of the true age of the defendant. However, it issued these two policies with full knowledge of the true age of the applicant. It seems to me it is now too late to ask for reformation.
I will advise a decree in accordance with the views herein expressed.