198 So. 855

## GINSBERG v. UNION CENTRAL LIFE INS. CO.

6 Div. 752.

Supreme Court of Alabama.

Nov. 22, 1940.

Rehearing Denied Dec. 12, 1940.

Morris K. Sirote, of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith (attorneys for New York Life Ins. Co.) and Henry R. Howze and Atwell J. Brown, all of Birmingham, amici curiæ.

**BOULDIN, Justice.**

Bill in equity for reformation of a policy of life insurance. It is filed by the insurer against the insured while living. Specifically, it seeks to strike the sum stipulated as the death benefit on the face of the policy, and insert, in lieu thereof, the sum alleged to be payable under the age adjustment clause. The appeal is from a decree over-ruling demurrers to the bill as amended.

The bill alleges: In the application for the policy, dated November 29, 1916, the insured stated the date of his birth to be

Leader, Hill & Tenenbaum, of Birmingham, for appellee.

July 15, 1881, and his age, nearest birthday, 35; that in fact the date of his birth was July 15, 1871, and his true age, 45. Thereupon, the policy for $2,000 was issued with annual premium of $49.78, being the premium based on age 35.

The policy and application, made part of the contract, are exhibited as part of the bill.

On the face of the policy it was stipulated "All conditions, benefits and provisions stated on the subsequent pages are hereby made a part of this policy."

On page 2, under a bold heading "General Privileges and Conditions," appears the following:

"21. Incontestability. This policy shall be incontestable after one year from date of issue, except for nonpayment of premium."

"22. Age. In the event of the age of the insured being misstated, the amount payable shall be such as the premium paid would have purchased at the correct age."

It is alleged the amount which the premium paid would have purchased at the correct age, 45, is $1,421. It is further alleged the policy was issued upon the application; that the insured misstated his age through mistake, and complainant is entitled to reformation, for mutual mistake, or else was misstated fraudulently, arming complainant with the right of reformation for fraud on the part of respondent, and mistake on the part of complainant.

The prayer is to strike $2,000 and insert $1,421 as the amount payable, and strike "Age 35" and insert "Age 45."

■ The main insistence of appellant is based on our incontestability statute, Section 4573, Code of 1907, Section 8365, Code of 1923, which reads: "§ 8365. (4573) (2597) Life policies incontestable after two annual premiums paid.—No life insurance company shall contest a claim under any policy of insurance on the plea of fraud or irregularities in application after two annual premium payments have been made on policy, but must pay the full amount of policy within sixty days after proofs of death have been received at the home office of the company in the United States, and no plea of misrepresentation or fraud in the application shall be filed unless accompanied by a payment into court, for the plaintiff, of all premiums paid on the policy."

As applied to actions for death benefits this statute is given a liberal construction, along with its companion statute, Section 8364, in favor of the insured.

■ In the absence of an age adjustment clause, a misstatement as to age is within the statute limiting the time for contest. Jefferson County Burial Soc., Inc., et al. v. Curry, 237 Ala. 548, 187 So. 723; Fraternal Aid Union v. Monfee, 230 Ala. 202, 160 So. 529.

■ Whether the misrepresentation in the application be considered a material statement of fact relied upon by the insurer, or a warranty, or takes the form of a condition precedent, is unimportant in giving application to this statute. It is in the nature of a statute of limitations barring a contest of the policy on the grounds stated.

It fixes a time while the insured is still living within which the insured shall discover and institute appropriate proceedings to avoid the policy, such as rescission and cancellation.

■ Its policy is to give assurance that after the death of the insured payment will not be defeated by a contest upon grounds specified in the statute. Modern Order of Praetorians v. Wilkins, 220 Ala. 382, 125 So. 396; Sovereign Camp, W. O. W. v. Nall, 236 Ala. 474, 183 So. 637.

After much discussion, this court, by majority opinion, concluded that in the absence of a suicide clause in the policy, an incontestable clause in a policy to same effect as in the present policy, bars a defense of suicide, while sane. Not that the law condones such act, maturing the policy by wrongful act of the insured short of the life expectancy on which the premium rate was fixed, but that such clause, written in by the insurer, and made a talking point in the sale of policies, bound the insurer not to litigate the validity of the policy after the lapse of the time stipulated save upon the grounds stated in the policy. Mutual Life Ins. Co. of New York v. Lovejoy, 201 Ala. 337, 78 So. 299, L.R.A.1918D, 860; Supreme Lodge of Knights of Pythias v. Overton, 203 Ala. 193, 82 So. 443, 16 A.L.R. 649.

■ In the later case of Moore v. Bankers' Credit Life Ins. Co., 223 Ala. 373, 136 So. 798, 799, the policy contained a suicide clause and an incontestable clause, both set out in the opinion. In course of discussion the court quotes from a New Mexico case,.

Stean v. Occidental Life Ins. Co. 24 N.M. 346, 171 P. 786, saying: "Undoubtedly the term 'incontestable' as used in a life insurance policy means a contest, the purpose of which is to destroy the validity of the policy, and not a contest the purpose of which is to demand its enforcement."

This court then adds: "We are therefore persuaded that the only reasonable construction to be given this policy is that the suicide and incontestable clauses are not in conflict, but independent, the one of the other."

■ Without question our incontestability statute is written into policies of life insurance; becomes a law-made stipulation, striking down all stipulations in the policy in so far as in conflict with the statute.

The exact questions here presented are:

Does the statute strike down the age adjustment clause in this policy? If not, does it limit the assertion of the age adjustment clause to the period for contest fixed by the statute?

Both inquiries turn on whether a proceeding to give effect to the age adjustment clause is a contest of the policy within the meaning of Section 8365, supra.

In considering these issues we see no occasion to draw a distinction between incontestable clauses written into the policy by statute, and clauses of like import written into the policy by the parties.

If an incontestable clause and an age adjustment clause are both written into a policy drawn by the insurer, and the two are in conflict, the all prevailing rule is to give effect to the clause favorable to the insured. A study of the authorities discloses that incontestability provisions written into the policy by statute and like provisions written in by the parties are accorded the same meaning, and generally treated together.

None of our cases deal with the exact questions now before us. They have been considered and decided in the federal court.

■ In First National Bank v. Equitable Life Assurance Soc., D.C., 31 F.Supp. 969, appears the decision of the District Judge, and in Equitable Life Assurance Soc. v. First National Bank, 113 F.2d 272, appears the decision of the Circuit Court of Appeals, Fifth Circuit, resulting in a reversal of the judgment of the court below.

The Court of Appeals, in a well-reasoned opinion, supported by the highest authority, held the age adjustment clause was not in conflict with the incontestability clause, nor with our incontestability statute, Section 8365; that claiming the benefit of the age adjustment clause was not a contest within the statute, and therefore the limit of time for a contest has no application in the enforcement of the age adjustment provision.

We approve their holding. Our decision could well be rested on their decision and the authorities there cited.

We will, however, in view of the earnest insistence of appellant's counsel, make a few further observations.

■ The age of the insured goes directly to the risk in life insurance. The entire rate structure of a sound insurance business is based on mortality tables, worked out by actuaries. The premiums upon a given policy must depend on the age of the insured, from which his life expectancy is determined.

Hence, any substantial understatement of age is a material misrepresentation, because the matter misrepresented does increase the risk of loss. This, under our statute, § 8364, presents a good defense against the policy in toto if the insured dies within the period for contest fixed in Section 8365.

But no one can give his exact age of his own knowledge. Oftentimes, he does not have information on which it can be given with assurance. These considerations gave birth to the age adjustment clause in life insurance policies.

■ The clear import of such clause, as written into the policy before us, is an agreement that any understatement of age, whether intentional or not, shall not be relied upon as a misrepresentation avoiding the policy, and both parties agree that in such event the full amount payable under the policy shall be the sum which the premium paid would have purchased at the correct age. This is obviously fair to both parties. The benefits of such clause do not accrue to the insurer only.

The clause in this policy covering "misstatement" of age, is not limited to "understatement." So, if age is overstated the amount payable under the policy is increased to the amount the premium would have purchased at the true and earlier age.

■ Again, Section 8371 of the Code forbids that any policy holder of a given class be allowed any advantage by

way of abatement of premiums, or in dividends or other benefits. This statute is expressive of a policy of justice and equality as between policy holders.

The age adjustment clause is in strict keeping with this policy; is probably the most effective method of avoiding the unfair advantage aimed at by this statute. Courts should not, without clear reason, attribute to the lawmakers a purpose to enact two closely related statutes, one of which tends to defeat the policy of the other.

The argument that the age adjustment clause should have effect to save the policy during the contest period prescribed by statute, and then become innocuous, seems quite untenable. This would confer all the benefits of the age adjustment clause on the insured; invite him the more to understate his age, get by with it until the time for adjustment had passed, and thereupon become secure in the advantage he had so gained.

The insurance laws of New York, a state in which much attention has been given to such legislation, require both an incontestable clause and a separate age adjustment clause to be written into a standard policy of life insurance. Insurance Law, Cahill's Consolidated Laws of New York (1930) § 101, p. 1199. The courts of that state have been among the strongest and clearest in declaring there is no conflict between the two. Murphy v. Travelers' Ins. Co., 134 Misc. 238, 234 N.Y.S. 278; Metropolitan Life Ins. Co. v. Conway, 252 N.Y. 449, 169 N.E. 642. See, also, Langan v. United States Life Ins. Co., 344 Mo. 989, 130 S.W.2d 479, 123 A.L.R. 1409, with annotation 1416. Darden v. North American Ben. Ass'n, 170 Va. 479, 197 S.E. 413; Sipp v. Philadelphia Life Ins. Co., 293 Pa. 292, 142 A. 221.

■ Does the bill make a case for reformation, conceding the validity of the age adjustment clause. Appellant insists the policy now expresses the full agreement of the parties, and complainant has a complete and adequate remedy at law.

True, the age adjustment clause may be pleaded at law to limit the recovery accordingly. Southern Ins. Co. v. Wilson, 214 Ala. 373, 108 So. 5.

There is no such present remedy. The action at law would accrue after the death of the insured, and the issue be made with his beneficiaries.

■ The exact case made by the bill is that because of misstatement of his age by the respondent, it is written in the policy "Age 35," the face amount of the policy written $2000.00," the amount the premium paid would purchase at age 35.

Prima facie, $2,000 is the sum payable on the death of the insured. The burden is on the insurer to prove to the contrary. But for the misstatement of age, this prima facie obligation would not appear in the policy.

The bill, therefore, seeks to strike these terms of the policy inserted by mutual mistake, or by mistake of the insurer induced by the misrepresentations of the insured; and to definitely fix the amount to become payable as per terms of the age adjustment clause. Under the averments of the bill, the minds of the parties did meet upon the basis for fixing the sum to become payable in the event of misstatement of age. In a word, the bill seeks to strike the terms imposing a prima facie obligation to pay $2,000, terms induced by the misrepresentation of age, and insert the true amount stipulated in such event.

■ "When through ignorance or mistake on one side and fraud or inequitable conduct on the other the instrument does not accurately state the agreement entered into, its reformation is authorized." 53 C.J. 949.

■ We are persuaded the case made by the bill is within this principle. Authorities elsewhere fully sustain the jurisdiction of a court of equity to reform a policy for misstatement of age under the facts presented in this bill. Metropolitan Life Ins. Co. v. Trilling et al., 194 App.Div. 178, 184 N.Y.S. 898; Grenis v. Prudential Ins. Co. of America, 154 Misc. 867, 278 N.Y.S. 137, affirmed, 246 App.Div. 603, 284 N.Y.S. 976; Metropolitan Life Ins. Co. v. Kanter, 126 N.J.Eq. 1, 7 A.2d 288; Equitable Life Assurance Society of United States. v. Rothstein, 122 N.J.Eq. 606, 195 A. 723, affirmed, 123 N.J.Eq. 591, 199 A. 43; 6 Couth Cyc. of Insurance Law, § 1397.

Appellant relies upon Dixon v. Northwestern Life Ins. Co., 189 Iowa 1268, 179 N.W. 885.

This was an action at law on the policy after the death of the insured.

The insurer sought to obtain the benefit of the age adjustment clause because of misstatement of the age of insured in the application. But the application had not

been attached to the policy as required by statute' to make it a part of the contract. Hence, such defense was not available at law.

Thereupon, the insurer sought to set up an equitable defense based on such misstatement of age in the application, prayed for a reformation of the policy so as to limit the recovery to the sum which the premium paid would have purchased at the correct age, and moved a transfer of the cause to the equity docket to obtain such relief.

The court held that the insurer, having by its own dereliction, deprived itself of an adequate remedy at law, could not resort to equity in the premises.

The decision is not in point in this case, where the application is made a part of the contract, the insured is still living, and, therefore, the insurer has no adequate remedy at law at this time.

As above observed, Section 8371 of the Code forbids a contract giving this respondent an advantage over other policyholders of the same class. Such advantage would accrue in giving him insurance on a premium rate applicable to persons of "Age 35," when in fact he was of "Age 45."

When the insurer finds himself in this position, due to misstatement of age by the insured, we deem it good policy for the courts to remedy the situation by decreeing reformation in a case like this.

The Alabama rule is that no request to correct the instrument is necessary before filing a bill for reformation. McCaskill et al. v. Toole, 218 Ala. 523, 119 So. 214, and cases there cited.

Affirmed.

All Justices concur.