NEW YORK LIFE INSURANCE COMPANY, Appellant, *v.* JOHN O. VEIT et al., as Executors of GEORGE E. BRADBROOK, Deceased, Respondents.

Submitted April 3, 1945; decided May 24, 1945.

*Earl S. MacArthur, Perlie P. Fallon* and *Ferdinand H. Pease* for appellant. I. Fraud was alleged, proved and found by the jury under a charge to which no exception was taken. (*Hadcock v. Osmer,* 153 N. Y. 604; *Buckin* v. *Long Island R. R. Co.,* 286 N. Y. 146; *Berner* v. *Board of Education,* 286 N. Y. 174; *Imbrey v. Prudential Insurance Co.,* 286 N. Y. 434; *Coursey* v. *Morton,* 132 N. Y. 556; *Frisbee* v. *Fitzsimons,* 3 Hun 674; *Fenn* v. *Curtis,* 23 Hun 384; *First Nat. Bank of Hempstead* v. *Level Club, Inc.,* 241 App. Div. 433; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170; *State Street Trust Co.* v. *Ernst,* 278 N. Y. 104; *Travelers Insurance Co.* v. *Katz,* 263 App. Div. 797.) II. The Appellate Division erred in setting aside the verdict and directing that the complaint be dismissed. (*Matter of McLaughlin,* 263 App. Div. 595, 289 N. Y. 738; *Schwartz* v. *Equitable Life Assur. Society of the U. S.,* 266 App. Div. 231, 291 N. Y. 770; *New York Life Ins. Co.* v. *Guttenplan,* 284 N. Y. 805; *National Life Ins. Co.* v. *Minch,* 53 N. Y. 144; *Travelers Insurance·Co.* v. *Katz,* 263 App. Div. 797.) III. All essential elements of fraud were proved. (*Ochs* v. *Woods,* 221 N. Y. 335; *Sager* v. *Friedman,* 270 N. Y. 472; *Karscher* v. *Dewald,* 246 App. Div. 21; *Hadcock* v. *Osmer,* 153 N. Y. 604; *Ultramares Corp.* v. *Touche,* 255 N. Y. 170; *Holloway* v. *Forsyth,* 115 N. E. 483; *Northwestern Life Ins. Co.* v. *Montgomery,* 116 Ga. 799; *Barry* v. *Legler,* 39 F. 2d 297; *Coursey* v. *Morton,* 132 N. Y. 556; *Coleman* v. *Burr et al.,* 93 N. Y. 17.) IV. The jury found that the insured had knowingly and willfully misrepresented her age to the plaintiff for the purpose of obtaining more insurance then she was entitled to at her age. The jury's verdict was based upon documentary evidence and the testimony of members of the insured's family. The facts are open to review

in the Court of Appeals. (Civ. Prac. Act, § 605; *Harrington v. Harrington,* 290 N. Y. 126; *Hoose* v. *Drumm,* 281 N. Y. 54; *Wawrzonek* v. *Central Hudson G. & E. Corp.,* 276 N. Y. 412; *Woods* v. *Sovereign Camp of Woodmen of the World,* 186 App. Div. 59; *Tokio Marine & Fire Insurance Co., Ltd.,* v. *Parnes,* 127 Misc. 602; Restatement of the Law of Contracts, § 472, comment b; *Haviland* v. *Willets et al.,* 141 N. Y. 35; *Davis* v. *Reisinger,* 120 App. Div. 766; *Green* v. *Des Garets,* 210 N. Y. 79; *E. D. P. Dye Works* v. *Travelers Ins. Co.,* 234 N. Y. 441.) V. Plaintiff's claim is not barred by the incontestable clause of the policy because of the presence of the age clause and because the incontestable clause does not extend to coverage. (*Grenis* v. *Prudential Insurance Co.,* 154 Misc. 867; *Murphy* v. *Travelers Insurance Co.,* 134 Misc. 238; *Uterberg* v. *New York Life Ins. Co.,* 172 N. Y. S. 241; *Columbian Nat. Life Ins. Co.* v. *Black,* 35 F. 2d 571; *Mates* v. *Penn. Mutual Life Ins. Co.,* 316 Mass. 303; *Matter of Kaplan* v. *Peyser,* 273 N. Y. 147; *Ex parte Public Bank,* 278 U. S. 101; *Berkshire Life Ins. Co.* v. *Weinig,* 290 N. Y. 6; *Matter of Met. Life Ins. Co.* v. *Conway,* 252 N. Y. 449.)

*Walter L. Post, Robert M. Post, Le Roy B. Iserman* and *Harlan S. Perrigo* for respondents. I. The order of the Appellate Division dismissing the complaint should be affirmed. (*Reno* v. *Bull,* 226 N. Y. 546; *Gambino* v. *Lucas & Co.,* 263 App. Div. 1054; *Brackett* v. *Griswold,* 112 N. Y. 454; *Taylor* v. *Commercial Bank,* 174 N. Y. 181; *Trojanorsky* v. *Boccafogli,* 214 App. Div. 216.) II. The court erred in excluding evidence of a change of position. (*Matter of McLaughlin,* 263 App. Div. 595.) III. The claim of fraud is barred by the incontestability clause. (*Berkshire Life Ins. Co.* v. *Weinig,* 290 N. Y. 6; *Killian* v. *Metropolitan Life Insurance Co.,* 251 N. Y. 44.) IV. The contract of insurance having been fully executed by payment, the insurance company cannot recover any part of the sum paid. (*Schwartz* v. *Equitable Life Assur. Society,* 266 App. Div. 231, 291 N. Y. 770.)

DESMOND, J. In 1923 Minnie A. Bradbrook applied to plaintiff for, and there was issued to her by plaintiff, a policy of insurance on her life, payable to her husband, George E. Bradbrook, in the face amount of $25,000. The written application

signed by Mrs. Bradbrook stated that she had been born in 1877, and that she was forty-six years old at the time she applied. Her application contained language assuring plaintiff that all the answers therein were true and that she understood that plaintiff would believe them to be true and act upon them. So acting, plaintiff wrote the policy at the premium rate appropriate to the age declared in the application. The policy contained a provision, required by section 155, Insurance Law, to be inserted therein, that: " if the age of the insured has been misstated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age ".

Mrs. Bradbrook died on March 29, 1940, and a week later, on receipt of proofs of loss in due form, plaintiff paid to her husband the sum of $25,000 less the amount of a policy loan. In June, 1941, the insurance company brought this suit, against the husband, alleging in the complaint that Mrs. Bradbrook, when the policy was written in 1923 was not forty-six, as she had then reported, but sixty-two years old. It is not disputed that, for the premium paid, the amount of insurance available in 1923 to an applicant sixty-two years old would have been $15,077, instead of $25,000, and it is for the difference between those two amounts that plaintiff sues. (The husband died after suit was commenced, and his executors are now defendants-respondents.) Plaintiff specifically grounded its action on fraud. It alleged fraud, it went forward with evidence directed toward proving fraud, and it was on its request that the Trial Justice, without objection by defendants, submitted to the jury the issue of fact as to whether or not Mrs. Bradbrook had been guilty of fraudulently misstating her age. The jury found for plaintiff. The Appellate Division reversed on the law and facts, the majority of the justices being of the opinion that the evidence, taken most favorably to plaintiff, proved no more than " a misstatement of age by the insured " and that " no fraud on her (insured's) part in the procuring of the contract was established." We do not so read the record. The jury had before it the testimony of Mrs. Bradbrook's daughter and of her niece that she was actually sixteen years older than she represented herself in the application to be. Besides, plaintiff produced on the trial six different documents signed by Mrs. Bradbrook at various times between 1888 and 1900, in each of which she

had sworn that her year of birth was 1861, not 1877. On that showing the jury had the right to say, as it did say by its verdict, that the applicant had given a wrong answer as to her age, that the untruth had been uttered knowingly and with intent that it be relied upon, and that it had in fact been relied upon. The insurer did not, by paying the face amount of the policy before it discovered the deception, waive its right thereafter to sue for a return of the overpayment. (See *Mutual Life Ins. Co. of New York* v. *Wager*, 27 Barb. 354, 367; *National Life Ins. Co.* v. *Minch*, 53 N. Y. 144, 151; *Matter of McLaughlin*, 289 N. Y. 738, 739.) The jury's determination as to the facts was well grounded, and should not have been overturned on appeal.

Defendants, pointing out that more than seventeen years elapsed between the issuance of the policy and the bringing of this suit, argue that plaintiff's claim of fraud is barred by the " incontestability clause " in the policy. That clause, which, like the misstatement of age clause above discussed, is mandatory in New York (Insurance Law, § 155), says that the policy " shall be incontestable after two years from its date of issue except for non-payment of premium." This court seems never to have decided whether or not such an incontestability clause operates to prevent the enforcement, after two years, of an " age adjustment " or " misstatement of age " provision found with it in the same life insurance policy. Other courts in this State (see, for instance, *Murphy* v. *Travelers' Insurance Co.*, 134 Misc. 238; *Grenis* v. *Prudential Insurance Co.*, 154 Misc. 867) have uniformly held, as have many courts elsewhere (see cases cited at 123 A. L. R. 1416 *et seq.*, and 135 A. L. R. 446 *et seq.*) that an incontestability clause does not bar the insurer from litigating the question of the insured's true age in an effort to limit the policy's coverage to the amount procurable at insured's correctly stated age, for the premium paid. We think those holdings correct. The position taken here by the insurer involves no contest of, or attack on, the policy itself. It represents an effort by the insurer not to invalidate or cancel the policy but to confine the insurer's liability, within the express terms of the policy, to the amount for which the policy would have been written had the truth been known. The incontestability clause forbids, after two years, such a contest as seeks to question the original or continued existence of the policy. It does not pro-

hibit a contest the purpose of which is to demand the enforcement of a term of the policy itself. As Chief Judge CARDOZO wrote in *Matter of Met. Life Ins. Co.* v. *Conway* (252 N. Y. 449, 452), an incontestability clause " is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken." So, as Judge LEHMAN said in another connection in *Apter* v. *Home Life Insurance Company* (266 N. Y. 333, 338, 339), the insurance company's assertion in this suit that the policy coverage was actually $15,077, instead of $25,000, " is in exact accord with the written contract of the parties and is not in conflict with the provision that the validity of the written contract may not be contested." Our conclusion that the incontestability clause did not ban the enforcement, after two years, of the age adjustment clause, gets further support when we consider that it was not only by the same statute, but by the same paragraph thereof, that the Legislature originally mandated the inclusion of these two clauses in the old " standard form policy " (L. 1906, ch. 326, § 37, [Insurance Law, § 101]). They must be read and enforced together so that neither cancels the other. (See *Matter of Kaplan* v. *Peyser*, 273 N. Y. 147, 149, 150.)

The judgments should be reversed and a new trial granted, with costs to the appellant to abide the event.

LEHMAN, Ch. J., LOUGHRAN, LEWIS, CONWAY, THACHER and DYE, JJ., concur.

Judgments reversed, etc.