AlDlow, J.
Action of contract to recover for work, labor, and materials used in the repair of an elevator at 207 Commercial Street, Boston, Mass. Evidence material to the issues raised by this report will appear in the opinion.
The defendant owned two buildings occupying adjoining lots in the City of Boston. One of these was located at 207 Commercial Street; the other at 63 Atlantic Avenue. Each building had a freight elevator. The building at 207 Commercial Street was occupied by a Mr. Kaye who held under a lease from the defendant; said lease provided that the tenant was responsible for the care and maintenance of the elevator in the building, and the tenant had an agreement for said care and maintenance with an elevator repair concern other than that of the plaintiff. The elevator in the building at 63 Atlantic Avenue remained in the control of the defendant corporation which had a contract with the plaintiff company for its care and maintenance.
*306 Early in January 1945 the defendant forwarded to the plaintiff an inspection report which it had received from its insurance company. With this report was a letter signed by its president which said in part
“Enclosed is report of inspection for our elevator at 207 Commercial Street, Boston. Please take care of these repairs for us.”
The plaintiff proceeded to comply with this request and sent two workmen to 207 Commercial Street to make the repairs. When they arrived Mr. Kaye informed them that the elevator did not need any repairs, and that under his lease he was obliged to make all repairs. Mr. Kaye also called the plaintiff’s service manager on the telephone and told him he did not know why work was being done and if it were done it would be on their own responsibility. The service manager said he had a written order and would do the work anyway, and the plaintiff thereupon made the repairs.
The president of the defendant corporation testified that the letter to the plaintiff was sent by mistake and that he meant to have the repairs done at 63 Atlantic Avenue. In the absence of the information imparted by Mr. Kaye to the plaintiff’s workmen and its service manager, this mistake would in no way relieve the defendant from liability for the work done. The law has nothing to do with the actual state of the parties’ minds. It deals with externals and judges parties by their conduct. Holmes “The Common Law” page 309.
The disclosures made to the plaintiff’s agents before the work was commenced, however, alters the situation with respect to the defendant’s responsibility. Where one of the parties has made a mistake and the other knows of it courts have treated the situation as one of mutual mistake. Williston on Contracts, Sec. 1548, 1557. Mates v. Penn Mutual *307 Life Insurance Co., 316 Mass. 303, 306. Knowledge by the offeree that the offeror is mistaken as to the terms of his offer prevents the words from operating as such. Restatement of Law of Contracts, Sec. 505; and the mistake being apparent the offeror will not be bound. German Fruit Co. v. Western Union Tel. Co., 137 Cal. 598. See cases collected 59 A. L. R. 815, 43 L. R. A. (N. S.) 654. To have continued with the work after learning of the mistake from Mr. Kaye constituted the plaintiff an intermeddler who was entitled to no compensation for his work.
The court in refusing to rule as requested by the plaintiff that it was entitled to recover noted that the statement did not include all the evidence upon the issue involved. This ruling was obviously correct. The facts stated in the request omitted any mention of Mr. Kaye’s part in the transaction, and this was material to the issue.
The plaintiff objected to testimony by Mr. Kaye that for four years he had a contract to service his elevator with the McLaughlin Elevator Company and that under this contract they inspected it monthly. While these questions were irrelevant to the issue raised they merely enlarged on matter already in evidence. Though erroneously admitted it can not be regarded as harmful or prejudicial. Report dismissed.