**PRUDENTIAL INS. CO. OF AMERICA v. STRICKLAND.**

No. 11245.

United States Court of Appeals
Sixth Circuit.

March 2, 1951.

Hamilton E. Little, Memphis, Tenn., John R. Gilliland, Memphis, Tenn., on the brief, William H. Jobes, Newark, N. J., Canale, Glankler, Little, Boone & Loch, Memphis, Tenn., of counsel, for appellant.

Sam P. Walker, Memphis, Tenn., Waring, Walker, Cox & Lewis, Memphis, Tenn., of counsel, for appellee.

Before HICKS, Chief Judge, and SIMONS and MILLER, Circuit Judges.

MILLER, Circuit Judge.

The appellant, Prudential Insurance Company of America, appeals from a judgment against it in the amount of $7,500 with interest, under an insurance contract executed by it covering the life of the husband of the appellee. Appellant's chief complaint is that the District Judge failed to consider its plea for reformation of the contract.

The insured, Garner P. Strickland, Jr., was a reserve aviation officer in the United States Navy on active duty near Sunflower, Kansas, when the application for insurance was made through appellant's soliciting agent. Part 1 of the application and an Aviation Questionnaire were signed March 14, 1946, and Part 2 of the application was completed on March 20, 1946. By it the insured applied for a policy of $7,500 at an ordinary annual premium of $133.50 payable annually, and further requested pilot or aviation coverage at an extra premium cost of 90 cents per month per $1,000 of insurance, or an extra premium of $6.75 per month on the policy for $7,500. At the time of making the application, the insured made an advance premium payment of $147.00, which consisted of the ordinary annual premium of $133.50 and two months extra premiums, totalling $13.50 for pilot or aviation coverage. The completed application was forwarded to the home office of the appellant where it was approved except in the following particular. The requested pilot or aviation coverage was approved at an annual extra premium of $75.00 instead of on the basis of a monthly extra premium of $6.75. The policy so issued was returned to the soliciting agent in Kansas who undertook to deliver it to the insured. The insured refused to accept it and the policy was returned to the home office where it was received on May 8, 1946 accompanied by an inter-office communication requesting that the policy be rewritten taking out the aviation coverage. The extra risk clause, providing for pilot or aviation coverage, attached to the policy as originally issued, was cancelled and in its place a limited liability "Aviation Clause" was substituted and attached to the reissued policy. The aviation clause limited liability to a small amount specified therein if the insured died as a result of flight in any kind of aircraft "If the insured is a pilot, officer or member of the crew of such aircraft, or is giving or receiving any kind of training or instruction, or has any duties whatsoever aboard such aircraft while in flight." The reissued policy was mailed to the soliciting agent in Kansas who delivered it to the insured. There was also delivered or mailed to the insured at approximately the same time the appellant's check for $13.50, being the difference between $147.00 tendered by appellant with his application and the annual premium of $133.50 for the ordinary risk without pilot or aviation coverage. The insured received the policy in its reissued form and subsequently endorsed and cashed the check for $13.50. Thereafter, and until his death, the annual premium paid by him was $133.50. On June 13, 1949, the insured was killed while engaged in a flight aboard a United States Naval aircraft while performing duties aboard such aircraft as a pilot, officer or member

of the crew thereof. If the "Aviation Clause" contained in the reissued policy was valid, appellant's liability was limited to $611.81, which amount it offered to pay. However, the appellee, who was the widow of the insured and the named beneficiary in the policy, after giving notice to the appellant of her husband's death, made application under the terms of the policy for payment of its face amount. Appellant denied liability and this action followed, jurisdiction being claimed through diversity of citizenship.

The application for insurance provided in Part 1, Item 23, which was headed "Special Requests," that the Insurance Company "issue policy with pilot coverage at an extra premium of 90 cents per month per $1,000." It also contained a space for "Changes, corrections and notations, for home office use only." This space was left blank when the policy was issued. Part II(3) of the application read as follows:

"My acceptance or that of any other applicant, if any, of any policy issued on this application shall constitute an approval of the provisions contained in such policy and a ratification of any changes, corrections, or notations indicated by the company in the space entitled 'Changes, corrections, and notations' in Part One, except that any change as to amount, classification, plan of insurance, or benefits shall be made only with my written consent or that of any other applicant, if any; * * *."

The complaint alleges that the insured applied for and received a life insurance policy from the appellant which provided that the Insurance Company would pay the face of the policy to the named beneficiary on the death of the insured; sets out the portions of the application hereinabove referred to; alleges that the application and the policy constituted the entire contract between the parties; that the Insurance Company was attempting to change the plan of insurance or benefits, as applied for in the application, without the written consent of the insured; and that the rider attached to the policy which contained the aviation clause limiting liability was void. Reliance is placed upon the provision of the application that any change in the plan

of insurance or benefits could be made only with the written consent of the insured; that no such changes were noted on the application in the space provided therefor; and that no written consent was ever obtained from the insured authorizing a change in the application.

The appellant, in its answer, states the facts leading to the issuance, rejection, and cancellation of the original policy; that the existing policy was reissued without pilot coverage as requested by the insured; that the extra premium required for pilot coverage was refunded to the insured and in succeeding years was not paid by the insured; that the insured thoroughly understood that pilot coverage was not included; and kept the policy and paid the premiums with that understanding. It also pleaded that although the insured and the representatives of the appellant understood and agreed that a revised policy without pilot coverage would be issued after the insured refused to accept the original policy, by oversight and through mutual mistake the insured and the appellant's representatives failed to revise the original application so as to expressly conform to the revised policy delivered to and accepted by the insured; and that if there was any ambiguity in the policy as a whole, by reason of the initial request in the application for the issuance of pilot coverage, the entire contract between the parties be reformed so as to properly express the true and actual agreement between them.

At a pre-trial conference the District Judge ruled that parol evidence was not admissible to show any agreement between the insured and the Insurance Company contrary to the written application signed by the insured and attached to the policy; and that the issue for determination was, whether, subsequent to the issuance and delivery of the policy sued on, the insured ratified the inclusion in the policy of the limited liability provisions contained in the "Aviation Clause." These rulings were carried over into the trial. A jury was impaneled and notwithstanding appellant's plea for reformation, the District Judge refused to permit appellant's

soliciting agent to tell the jury about his conversation with the insured with reference to the insured's reason for refusing to accept the policy originally issued, or with respect to the insured agreeing to accept the policy if the pilot or aviation coverage and extra premium therefor were removed. At the request of appellant's attorney, and after having the jury retire from the courtroom, he permitted the appellant to have the witness state into the record the conversation which he had with the insured when the insured refused to accept delivery of the original policy. The witness stated for the record that the insured objected to the policy because the Insurance Company refused to issue it as asked for, that it was agreed between them that the aviation protection was to be removed from the policy and the policy reissued without aviation protection; that when he delivered the reissued policy to the insured he expressly called the insured's attention to the fact that the policy, which was being delivered to him, did not contain the so-called aviation clause; that he and the insured discussed the fact that the policy did not carry aviation protection; and that the insured stated to him that he did not want to pay the extra premium for this protection, and that if anything should happen to him it would happen on the ground, and definitely not by air travel. In his charge to the jury, the District Judge, after reviewing the facts, stated —"This brings us to the determinative factual issues of the case which you are to decide. That is whether or not the insured ratified the policy in its unauthorized form." He then instructed the jury that this was a question of fact for the jury, that if it found there was a ratification of an unauthorized change in the policy the recovery by the plaintiff would be in the limited amount of $611.81, but, if, on the other hand, it found that there was no ratification it should return a verdict for the plaintiff in the full face amount of the policy. The issue of reformation was not discussed. The jury found for the plaintiff for the full face amount of the policy. The judgment thereafter entered read in part as follows: "The Court being advised of the finding of the jury, and after considering the evidence, does hereby find that the defendant is not entitled to reform the application of the policy as prayed for in the defendant's answer. It is therefore ordered and decreed that the application or prayer by the defendant for reformation of the original application and policy be and the same is hereby denied, and the answer of the defendant seeking a reformation of the application and policy be and the same is hereby dismissed, * * *." It then adjudged that the appellee recover from the Insurance Company the sum of $7,500 with interest from June 13, 1949.

At the start of the trial, the appellant objected to impaneling a jury on the ground that it was an equitable case. This motion was overruled. The motion was renewed at the conclusion of appellee's proof and at the conclusion of all the evidence. The appellant also moved for a directed verdict at the conclusion of appellee's proof and at the conclusion of all the proof. All of these motions were overruled.

It is settled law that courts of equity have the power, and it is their duty, to reform written instruments so as to correctly reflect the true agreement of the parties, where, through mutual mistake, or mistake upon the part of one and inequitable conduct upon the part of the other, the agreement actually entered into does not express the real contract between them. Simmons Creek Coal Co. v. Doran, 142 U.S. 417, 435, 12 S.Ct. 239, 35 L.Ed. 1063; Kansas City Life Ins. Co. v. Cox, 6 Cir., 104 F.2d 321, 324; Johnson v. Johnson, 67 Tenn. 261, 8 Baxt. 261; Restatement of the Law, Contracts, Sec. 504. It is equally well settled that parol evidence is admissible in trying the issue of reformation. Otherwise, the remedy of reformation would be valueless. Walden v. Skinner, 101 U.S. 577, 583, 25 L.Ed. 963; Barnes v. Gregory, 38 Tenn. 230, 1 Head 230, 236; Goldberg v. Cities Service Oil Co., 275 Mich. 199, 266 N.W. 321.

In the present case, the appellant's claim to reformation was asserted as a defense to the action at law. If the plea of reformation was sustained by the evi-

dence, the action at law necessarily failed. The appellant was entitled to have his plea of reformation heard and decided by the court sitting as a court of equity. Rule 8(e) (2), Rules of Civil Procedure, 28 U.S.C.A. If the plea of reformation had not been injected into the case, the issue of ratification of an unauthorized change in the policy from that specified by the application was properly heard by and submitted to the jury. Probably the equitable issue of reformation could have been heard by the Court at the same time, with appropriate collateral proceedings outside the presence of the jury. But, obviously, that issue was not tried, even though the judgment attempts to adjudicate it. The pre-trial ruling limited the issue to a question of ratification, and applied the parol evidence rule. Appellant objected on several occasions to a trial by jury of an equitable cause, but at no time was advised that the trial judge was also functioning as a court of equity for the purpose of ruling on the equitable plea. The appellant was not permitted to develop the issue of reformation. The Court's ruling clearly indicated that that issue was not being tried. Some parol evidence which was permitted to go into the record was offered and accepted solely in the nature of an avowal. Other parol evidence, consisting of a statement in 1949 by the insured to the witness Walton Crosley, that he did not have aviation coverage, was admitted in evidence but restricted solely to the issue of ratification. We have no way of knowing what additional testimony, documentary or through other witnesses, might have been offered if it had been understood that the District Judge was also sitting as a court of equity on the issue of reformation. The trial judge made no findings of fact and conclusions of law as required by Rule 52(a) of the Rules of Civil Procedure in trials without a jury. Appellee's contention that the case was tried both as a suit at law and as a suit in equity is not sustained by the record. In entering the judgment below, appellant was not afforded the hearing to which it was entitled on the equitable defense of reformation set up by its answer.

The incontestable clause, as provided by the statute and the policy, does not apply to the equitable remedy of reformation. Columbian National Life Ins. Co. v. Black, 10 Cir., 35 F.2d 571, 577, 71 A.L.R. 128; Equitable Life Assurance Society v. First National Bank, 5 Cir., 113 F.2d 272, 275, 135 A.L.R. 439; Buck v. Equitable Assurance Society, 96 Wash. 683, 165 P. 878; Equitable Life Assurance Society v. Rothstein, 122 N.J.Eq. 606, 195 A. 723, affirmed 123 N.J.Eq. 591, 199 A. 43; Mates v. Penn. Mutual Life Ins. Co., 316 Mass. 303, 55 N.E.2d 770; Ginsberg v. Union Central Life Ins. Co., 240 Ala. 299, 198 So. 855.

The judgment is reversed and the action remanded to the District Court for proceedings consistent with the views expressed herein.