187 So. 723

**JEFFERSON COUNTY BURIAL SOC., Inc.**
**et al. v. CURRY.**

**6 Div. 451.**

Supreme Court of Alabama.

March 16, 1939.

Rehearing Denied April 13, 1939.

F. D. McArthur, of Birmingham, for appellants.

550

Clark & Trawick, of Birmingham, for appellee.

BOULDIN, Justice.

Action by beneficiary named in a policy of burial insurance for recovery of damages for breach of the obligation to bury the insured member of the society.

The original complaint was in Code form for action on a life insurance policy. Code, § 9531, Form 12. On the trial Count A was filed, making the burial policy a part thereof, and alleging a breach of the obligation to furnish a burial of the value of $200, etc.

Defendant moved for a continuance on the ground of surprise, and assigns as error the overruling of such motion.

■ No abuse of the discretion in such case sufficiently appears.

. The original and amended counts referred to the same policy and the alleged demand of plaintiff growing out of it. Defendant was fully aware of this as well as the right of amendment. In such case no surprise and abuse of discretion can be predicated on failure to prepare for trial of the real controversy on the merits.

■ Count A was not subject to demurrer because it averred "notice of death," rather than the furnishing of a "death certificate" as stipulated in the policy.

While actions on certain forms of insurance contracts may call for additional averments to those set out in the Code form, the statute provides that complaints substantially in Code form are sufficient.

■ Although life policies, or mutual benefit policies, may require proof of death in certain forms or by certain parties having knowledge, the averment of notice of death in the pleading is sufficient. The details are matters of evidence. Sovereign Camp, W. O. W. v. Harris, 228 Ala. 417, 153 So. 870; Sovereign Camp, W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410; Woodmen of the World v. Alford, 206 Ala. 18, 89 So. 528; 12 Alabama Digest, Insurance, pages 553, 554, 555, ☞815(1).

The pleas were in short by consent with leave to give in evidence any matter of defense and with leave to plaintiff to present any matter in replication. This opened the wide field of issues stipulated therein.

The defendant sought to show the insured member, Sam Thomas, misrepresented his age, stipulated in the policy to be 58, when in fact he was more than 65.

On the back of the certificate there was printed the following:

"1. The within burial certificate is issued by the Society, and accepted by the beneficiary, subject to the following stipulations:

\* \* \* \* \* \*

"9. No person over the age of 65 years will be admitted to membership of the Society. · If he or she misrepresents their age this Society will not be held liable for a burial and their monies will be forfeited to the Society."

 The trial court refused to admit such testimony on the ground that it presented an issue of fraud in the procurement of the certificate, which was not available under the statute after the policy had been in full force for two years.

The policy was issued in 1928, and kept in force by regular payment of weekly premiums until the death of. the insured in 1936.

Under Code, § 8506, no fraternal life insurance company may contest a claim on the ground of fraud in the application after same has been in force for two years.

This policy was issued while Gen.Acts 1927, pp. 215, 216, § 1, Michie's Code, § 8554 (5), was in effect. By that statute burial associations were declared to be "mutual aid, benefit and/or industrial insurance companies or associations." Further provisions of the same statute look to providing the same safeguards for the protection of policy holders as provided for mutual benefit associations. We are of opinion the trial court correctly held the provisions of Section 8506 were thus extended to holders of burial certificates in burial societies. This statute writes into contracts the proviso that fraud in the procurement of certificates shall not be available as a defense after the same have been in force two years. Misrepresentations as to age are of the class covered by such statutes. Beason v. Sovereign Camp, W. O. W., 208 Ala. 276, 94 So. 123.

Evidence for plaintiff tended to show the following: The insured member, Sam Thomas, died in Dallas County. Promptly a telegram was sent to the husband of the plaintiff, saying:

"Sam Thomas died this morning. Please send casket at once.
"(Signed) L. S. Moore, Notary Public."

Forthwith this telegram was presented to the officers of defendant society, who demanded that a "death certificate" from a physician be furnished. Efforts to get such certificate were made, finally resulting in a trip to Dallas County. Meantime, three days after the death of the member, his body was buried by another relative. This line of evidence tended to show a persistent refusal to furnish a casket until the death certificate was furnished, as demanded.

In the face of the policy is this stipulation: "Upon the death of said member and surrender of this policy and receipt, the beneficiary must furnish death certificate from the attending physician or coroner stating the length of illness and cause of death of said member to home office."

 The receipt mentioned is indorsed on the back acknowledging the full performance of the obligations of the policy. Construing the policy in favor of the insured we are of opinion there is no requirement that such a receipt shall be furnished and policy surrendered before any performance on the part of the insurer. The formal death certificate here called for is to be furnished upon surrender of the policy and receipt closing the entire matter.

 Burials, in the nature of the case, are to be promptly attended to. We are of opinion the official telegram was a sufficient notice of death to call for the sending a casket as requested. Equitable Life Assur. Co. v. Dorriety, 229 Ala. 352, 157 So. 59.

Plaintiff was named by the insured member as the beneficiary in the policy. The consideration upon which the promise was made consisted of the premiums paid.

 Upon a breach she is entitled to recover damages not exceeding the stipulated value of the burial services to be rendered. The fact that she did not incur outlays in the burial, and that they were furnished by another kinsman, in no way affected the measure of recovery.

The court was not in error in so holding in his ruling on argument of counsel.

 The inclusion in the complaint of elements of damages not proven does not prevent recovery for the legal damages incident to the breach alleged. The averment that plaintiff incurred funeral expenses related merely to an element of damages, not to the material averment upon which the right of recovery rests.

The plaintiff being sick at the time, her husband, with her approval, indorsed on the certificate in pencil, directions to pay the benefit to him. It was competent to show this was for the purpose of enabling him to act for her in the effort to have the Society comply with its obligations, and not for the purpose of vesting in him the right of action on the certificate.

There was no error in admitting testimony showing the successive corporate names under which the Society conducted business, tracing to defendant succession to obligations of the Society issuing the certificate and succession to its assets.

The plaintiff introduced the managing officers of the defendant society as witnesses to material facts. It was entirely within the discretion of the court to permit leading questions to witnesses thus opposed in interest.

A strong appeal is made for reversal because of alleged error of the court in dealing with a witness on the stand.

In course of examination of a witness, a colored woman, but so far as appears, quite intelligent, and filling the place of manager of this branch of the business, the court suddenly caused the jury to retire, and in their absence lectured the witness for alleged evasiveness in her answers, threatening to hold her in contempt, etc.

The manner of the witness and the occasion for such rebuke and warning were matters within the observation of the trial court, and not of this court. The proceeding ended with correct instructions touching her course in case of objections, and in making her answers when no objection was made or sustained. The continued examination after the jury returned discloses no intimidation or other hurtful effects.

We find no reversible error here.

Other assignments of error have been considered. The principles announced cover the controlling questions in the case, and suffice to answer most of the assignments of error. We find no reversible error, and forego further detailed discussion.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.