Paul E. WALKER, and Walker Hauling, Inc., Plaintiffs-Appellants,

v.

AMERICAN MOTORISTS INSUR-
ANCE COMPANY et al.,
Defendants-Appellees.

No. 75–3957

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

April 8, 1976.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Joel F. Dubina, D. Coleman Yarbrough, Montgomery, Ala., for plaintiffs-appellants.

John M. Milling, Jr., Montgomery, Ala., for defendants-appellees.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

On the basis of the Opinion and Order dated September 29, 1975, a copy of which is hereto appended, the judgment of the District Court is

AFFIRMED.

## ORDER

FRANK M. JOHNSON, Jr., Chief Judge.

This case is now submitted on cross motions for summary judgment filed by the plaintiffs, Paul E. Walker and Walker Hauling, Inc., and the defendant, American Motorists Insurance Company (AMIC). Essentially the motions assert that several issues raised in this case have been previously adjudicated between these parties, that certain damages requested by plaintiffs are not recoverable as a matter of law, and that plaintiffs' fraud claim is barred by the statute of limitations.

The present litigation follows two earlier lawsuits involving these parties in the Alabama state courts. Plaintiffs allege that while Walker was engaged in a hauling business, he procured physical damage insurance for a truck owned by his employee Woodall. This insurance was obtained through a telephone call to Walker's agent under an existing fleet policy. When the truck was destroyed by fire shortly thereafter, the insurance company denied the existence of physical damage coverage. Woodall then sued plaintiffs to recover the value of the truck. Judgment was entered against the plaintiffs. *Woodall v. Walker,* No. 21348 (Cir.Ct. Montgomery Co.1969). When that judgment was not fully satisfied, Woodall filed a second action against the plaintiffs and AMIC. *Woodall v. Walker,* No. 37798 (Cir.Ct. Montgomery Co.1974). Plaintiffs now sue AMIC for wrongful denial of coverage, failure to defend, and misrepresentation.

### PRIOR ADJUDICATION

American Motorists Insurance Company moves for summary judgment on the ground that plaintiffs are estopped from asserting physical damage coverage because they took the position that no coverage existed in the first lawsuit. By cross motion, plaintiffs assert that the existence of physical damage coverage was established in the second lawsuit, and that the defendant should be precluded from denying it here. Plaintiffs are entitled to summary judgment on this point. First, the doctrine of judicial estoppel is inapplicable in this case, in that plaintiffs assumed the position that there was no coverage based on the representations of the defendant. Defendant has failed to sustain, upon this submission, its position that plaintiffs had knowledge of facts which should have led them to take a different position. *Wright v. Fannin,* 229 Ala.

278, 156 So. 849 (1934). Nor did plaintiffs use this position as a defense in the first suit. *Id.*

■ In any case, it is well settled that the later of the two judgments controls. The state judge, in the second state action, clearly found as an ultimate fact that AMIC had insured Woodall's vehicle against physical damage and that the insurer was liable in this instance. Consequently, that issue is established between these parties, and the defendant is estopped from relitigating it here.

### DAMAGES

■ The damages claimed by Walker for breach of contract include the loss of his home and business, injury to his reputation and credit, and costs of defending the state litigation. Under Alabama law, these damages are not recoverable for breach of an insurance contract. Although some Alabama cases have allowed recovery for an insurance company's failure to defend its insured, *Hartford Accident & Indemnity Co. v. Cosby,* 277 Ala. 596, 173 So.2d 585 (1965), or to settle a liability claim within the policy limits, *Waters v. American Casualty Co.,* 261 Ala. 252, 73 So.2d 524 (1953), no such issues are presented by the facts here. The damages requested by Walker are not recoverable for a mere failure to pay a claim. *Jefferson County Burial Soc'y, Inc. v. Curry,* 237 Ala. 548, 187 So. 723 (1939); *Liberty Nat'l Life Ins. Co. v. Stringfellow,* 38 Ala.App. 594, 92 So.2d 924 (1956). Therefore, any recovery by the plaintiff Walker for breach of contract will be limited to the value of the policy.

### STATUTE OF LIMITATIONS

■ The second count of plaintiffs' complaint alleges that the defendant insurance company fraudulently misrepresented the existence of coverage, on which representation Walker relied to his detriment. Defendant moves for summary judgment on the ground that this claim is barred by the statute of limitations. The alleged misrepresentation occurred in 1969. The general statute of limitation for torts in Alabama is one year. Ala.Code, tit. 7, § 26. However, Section 42 of that title provides a savings statute for instances where the fraud is concealed from the plaintiff. Under this section, the one-year statute of limitations does not begin to run until the plaintiff discovers, or reasonably should have discovered the wrong. The plaintiffs carry the burden of proving that they fall within the exception. *Hall v. Hulsey,* 271 Ala. 576, 126 So.2d 217 (1961). They have not carried that burden here. In federal court, the plaintiff is required to come forward with more than a scintilla of evidence in support of his position. *Boeing Co. v. Shipman,* 411 F.2d 365 (5 Cir., 1969).

■ While the issue of when the fraud was discoverable is one of fact, the plaintiff is entitled to go to the jury only

> [w]here there is evidence reasonably affording an inference as to whether a plaintiff was defrauded, and if so, when the plaintiff discovered the fraud.

*Loch Ridge Construction Co., Inc. v. Barra,* 291 Ala. 312, 321, 280 So.2d 745, 752 (1973).

■ In the instant case, there is no evidence to support the contention that plaintiffs had no reason to know of the fraud before the last year. They had every opportunity to bring the defendant in the first lawsuit to establish the existence of insurance. Reasonable diligence should have led to an investigation of this issue prior to this action.

Accordingly, it is the ORDER, JUDGMENT and DECREE of this Court that plaintiffs' motion for summary judgment, filed August 19, 1975, be and is hereby granted insofar as it asserts that the existence of coverage is established for purposes of this lawsuit.

It is further ORDERED that defendant's motion for summary judgment, filed August 29, 1975, be and is hereby granted to the extent that it asserts that plaintiffs may not recover more than the policy limits for breach of contract, and that plaintiffs' claim for fraud is barred by the statute of limitations.