**Raymond MEANS and Brenda Means, Appellants (Defendants Below),**

v.

**INDIANA FINANCIAL CORPORATION, Appellee (Plaintiff Below).**

**No. 2–1080A345.**

Court of Appeals of Indiana, Second District.

Feb. 25, 1981.

---

Stephen L. Speicher, Michelle A. Link, Legal Services Organization of Indiana, Inc., Muncie, for appellants.

SHIELDS, Judge.

Appellants Raymond and Brenda Means (Means) appeal the trial court's grant of a motion for summary judgment in favor of Indiana Financial Corporation (Indiana).

We reverse and remand.

In April 1974 Means purchased household furniture from Anders, Inc. As part of the transaction they executed an installment contract payable to Anders, Inc. The contract was subsequently assigned to Indiana.

Shortly after the contract was signed, Means defaulted and Indiana brought this action on the contract. In response to Indiana's complaint alleging $1,043.35 due and owing on the contract and $290.00 as reasonable attorney fees, Means raised three affirmative defenses: (1) failure to mitigate damages, (2) violation of the Federal Consumer Protection Act, 15 U.S.C. § 1601 et seq., and (3) failure to comply with the disclosure requirements of the Indiana Uniform Consumer Credit Code (UCCC), IC 24-4.5-1-101 et seq. (Burns Code Ed.).

Indiana filed a motion for summary judgment. The motion was supported by an affidavit supportive of its complaint. The trial court granted a summary judgment in favor of Indiana and entered judgment against Means for $1,333.35.

On appeal Means assert the trial court erred in granting Indiana's motion for summary judgment.

In reviewing the propriety of a summary judgment, the pleadings, depositions, answers to interrogatories, admissions, affidavits, and testimony, if any, are to be construed in favor of the non-moving party and any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Summary judgment should be granted only where no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. The burden is upon the moving party to demonstrate the absence of any material fact. *LaFrenz v. Lake County Fair Board*, (1977) Ind.App., 360 N.E.2d 605; *Podgorny v. Great Central Insurance Co.*, (1974) 160 Ind.App. 244, 311 N.E.2d 640. Ind.Rules of Procedure, Trial Rule 56. Furthermore, a moving party who supports his motion by affidavit is not entitled to summary judgment as a matter of course by the failure of the non-moving party to oppose the motion by counteraffidavits. *Levy Co., Inc. v. State Bd. of Tax Commissioners*, (1977) Ind.App., 365 N.E.2d 796.

Means claim the trial court erred in determining there were no genuine issues of material fact. They first argue Indiana's affidavit inadequately supported its complaint. However, this argument is waived except as it relates to reasonable attorney fees because it was not preserved in the motion to correct errors.[1] Ind.Rules of Procedure, Trial Rule 59(D). They further argue the affidavit fails to negate genuine issues of material fact raised by the answers. We agree.

Looking only to their third affirmative defense,[2] we observe the transaction underlying this cause of action was a "consumer credit sale" as defined in IC 24–4.5–2–104 and was, therefore, governed by the provisions of the UCCC.

IC 24–4.5–2–301 *et seq.* sets forth the various written disclosures a seller is required to make. IC 24–4.5–2–306(2)(g) specifically requires the seller to provide the buyer with a brief description of the insurance provided or paid for by the seller, including the type and amount of the coverages and the amount of the charge, if any.

Raymond Means agreed to purchase credit life insurance and credit disability insurance. The contract sets forth the amounts charged for each type of coverage but does not disclose the amount of coverage. Thus, it appears from the face of the contract that the seller, Anders, Inc., failed to comply with the disclosure requirements of the UCCC.[3] This *prima facie* defense in the nature of a set-off against Means' liability was not negated nor even addressed in Indiana's affidavit for summary judgment.

We are cognizant that Means agreed in the installment contract that the assignment of the contract to any assignee would be free from any claim, defense, set-off, or counterclaim they might have against Anders, Inc. and so, theoretically, the disclosure violation is not applicable. However, IC 24–4.5–2–404 provides that such an agreement is enforceable only by an assignee not related to the seller who acquired the

---

1. We do not address the question of the existence of a genuine issue of fact as to attorney fees due to our reversal on other grounds.

2. IC 24–4.5–5–203(5) provides a one (1) year limitation of action. However, IC 24–4.5–5–205 allows a set-off as a defense without regard to the time limitation otherwise prescribed.

3. A creditor who fails to disclose information required under the UCCC to a person entitled to the information is liable to that person in an amount equal to the sum of twice the amount of the credit service or loan finance charge (but in any event not less than $100 nor more than $1000), plus costs of enforcing the liability and reasonable attorney fees. IC 24–4.5–5–203(1). However, a creditor is not liable if he shows by a preponderance of the evidence that his violation was not intentional and resulted from a bona fide error despite the existence of reasonable procedures designed to avoid the error. IC 24–4.5–5–203(3).

contract in good faith and for value and who gave the buyer written notice of the assignment and received no notice of the facts giving rise to the buyer's claim or defense within sixty days after the notice of assignment.

■ Indiana, the assignee, did not present any facts in its affidavit which would show it was entitled under IC 24–4.-5–2–404 to enforce this agreement. Thus, the apparent disclosure violation is a viable set-off and Indiana has failed to show it was entitled to the judgment as a matter of law. We, therefore, hold the trial court erred in granting summary judgment.

Judgment reversed and remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C. J., and SULLIVAN, J., concur.