**B.T. CONARD, M.D., Appellant (Defendant Below),**

v.

**Albert D. WAUGH, Appellee (Plaintiff Below).**

**No. 4–484A93.**

Court of Appeals of Indiana, Fourth District.

Feb. 14, 1985.

Joe Tipton, Edna M. Koch, Dillon & Cohen, Indianapolis, for appellant.

Ronald E. Melichar, Hoffman, Melichar & Luhman, Lafayette, for appellee.

MILLER, Presiding Judge.

The plaintiff-appellee, Albert Waugh, filed a proposed complaint for medical malpractice with the Department of Insurance, naming Lafayette Home Hospital, Inc. as the sole defendant. Ten days later, the statute of limitations ran on Waugh's cause of action. Twenty-six days later, Waugh filed an amended proposed complaint, seeking to make the defendant-appellant, Dr. B.T. Conard, M.D., a defendant in addition to the hospital.[1] Pursuant to statute, Dr. Conard invoked the jurisdiction of the Tippecanoe Superior Court, requesting a preliminary determination that Waugh's action against him was barred by the statute of limitations. This request was in the form of a motion for summary judgment, which Waugh opposed by arguing that, at a minimum, there existed a genuine issue of material fact as to whether the amended proposed complaint related back to the filing of the original proposed complaint under Ind. Rules of Procedure, Trial Rule 15(C). The court agreed that a factual issue regarding relation back existed and denied Dr. Conard's motion for summary judgment pursuant to Trial Rule 56(C). The court certified its order overruling Dr. Conard's motion, *see* Appellate Rule 4(B)(6), and this court accepted the interlocutory appeal. We reverse.

## FACTS

Patient Waugh's amended proposed complaint for medical malpractice, filed with the Department of Insurance as required by IND.CODE 16–9.5–9–2 (1982), alleged that on February 13, 1981, the plaintiff, then aged 23, was suffering from acute abdominal pain and was taken to the emergency ward at Lafayette Home Hospital in Lafayette, Indiana. There, the defendant, Dr. Conard, examined Waugh and diagnosed him as having the flu. Dr. Conard released Waugh without treatment or medication, instructing him only on treatment of the flu. Three days later, Waugh's condition worsened, and he was taken to the emergency room of another hospital in Lafayette, where he was diagnosed as suffering from acute appendicitis, requiring appendectomy. Waugh's amended complaint alleged Dr. Conard's examination of him on February 13, 1981 was negligent and the proximate cause of damages for which he sought recovery from Dr. Conard and the hospital.

On February 4, 1983, ten days before the running of the two year statute of limitations for medical malpractice,[2] Waugh filed his proposed complaint with the Department of Insurance. The original complaint named as the sole defendant Lafayette Home Hospital and alleged the hospital, acting through its agents, employees, and

---

**1.** After the filing of the amended proposed complaint, Lafayette Home Hospital was granted summary judgment pursuant to plaintiff's agreement that the hospital was entitled to judgment in its favor. Thus, the hospital is no longer a party in this case.

**2.** *See* IND.CODE 16–9.5–3–1 (1982). Plaintiff does not contend that the statute of limitations was tolled for any reason, nor do any facts appear in the record that would lead to this conclusion.

the unnamed physician who treated him, was negligent, apparently on the theory that the treating physician was an agent and employee of the hospital. Upon learning that Dr. Conard was in fact working in the hospital's emergency room as an independent contractor, however, Waugh filed an amended proposed complaint, adding the doctor as a defendant along with the hospital. The amended complaint was filed on March 11, 1983, twenty-six days after the statute of limitations had run.

On May 2, 1983, Dr. Conard filed a motion in the Tippecanoe Superior Court for a preliminary determination[3] of his statute of limitations defense, raised by way of a motion for summary judgment. Attached to the motion were the proposed complaint, the amended proposed complaint, and an affidavit sworn by Dr. Conard, stating that his one and only contact with Waugh was in the emergency ward of Lafayette Home Hospital on February 13, 1981. Waugh responded to the doctor's motion with a *brief* in opposition, arguing the amended proposed complaint related back to the time the original complaint was filed and was, therefore, timely; however, Waugh failed to support his position with any of the materials the trial court could properly consider in its determination of the summary judgment motion.[4] On March 15, 1984, the trial court entered an order overruling Dr. Conard's motion for summary judgment. In so doing, the court made the following "findings":

"11. The plaintiff claims mistake in not timely naming defendant Conard, since (a) he relied on an agency theory; and (b) the original defendant Hospital failed to inform him of the true relationship of the physician involved, i.e., independent contractor.

12. The plaintiff further claims that defendant Hospital, upon receipt of the complaint, would have immediately determined the identity of the unnamed phys-

cial [sic] and brought the matter to his attention."

(R. 75–76) Based on these findings the trial court reached the following "conclusion":

"6. While the Court has *no direct evidence* concerning the reception of actual notice by defendant Conard or his knowledge of whether he knew or should have known that but for a mistake concerning his identity, [*see* T.R. 15(C)] the Court is persuaded by plaintiff's claims as set forth in findings numbered 11 and 12 that in the normal course of events following the service of the original complaint, defendant Conard would have been informed of his alleged acts, his relationship to the original named defendant Lafayette Home Hospital, Inc., and whether or not, but for some mistake, he should have been named as a party defendant and he should not be prejudiced in maintaining a defense on the merits in this cause.

Accordingly, the Court finds that there are genuine issues of fact to be resolved in this matter and cannot find as a matter of law that this cause of action is barred by I.C. 16–9.5–3–1, and the defendant Conard's motion for summary judgment is denied."

(R. 76–77) (emphasis added). Dr. Conard now brings this certified interlocutory appeal. We reverse.

## DECISION

■■■ Under Trial Rule 56(C), a motion for summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In making its determination on these matters, the trial court may not rely on supporting materials other than those in the form intended by Trial Rule 56. 3 W.

---

**3.** *See* IND.CODE 16–9.5–10–1 (1982).

**4.** These materials, in addition to the pleadings, include depositions, answers to interrogatories, admissions, affidavits and testimony, if any. T.R. 56(C).

HARVEY, INDIANA PRACTICE § 56.6, at 556 (1970). Thus, statements of fact set forth in a brief filed in support of or in opposition to a motion for summary judgment may not be relied upon by the trial court, *Freson v. Combs* (1982), Ind.App., 433 N.E.2d 55. When a motion for summary judgment is made and supported by materials contemplated by this rule, the opposing party may not rest on his pleadings, but must set forth specific facts, again, using supporting materials contemplated by Trial Rule 56, which demonstrate that summary judgment is not appropriate. T.R. 56(E); *Bell v. Horton* (1980), Ind.App., 411 N.E.2d 648. If the opposing party fails to respond in this way, summary judgment, if appropriate, may be entered against him, T.R. 56(E), although the court should not do so as a matter of course, but should examine the supporting materials available to it. T.R. 56(C); *see Means v. Indiana Financial Corp.* (1981), Ind.App., 416 N.E.2d 896.

The party who moves for summary judgment has the burden of establishing that there exists no genuine issue of material fact, and all doubts and reasonable inferences as to the existence of such an issue are to be resolved in favor of the party opposing the motion. *Wallace v. Indiana Insurance Co.* (1981), Ind.App., 428 N.E.2d 1361. Nevertheless, in a summary judgment proceeding, when the moving party asserts—as did Dr. Conard in the case before us—the affirmative defense of the statute of limitations and presumptively establishes that defense by placing before the trial court Trial Rule 56(C) materials showing there is no question that the action against him was initiated beyond the limited statutory period, then the burden of establishing the existence of material facts *in avoidance* of the statute of limitations defense shifts to the opponent of the summary judgment motion.[5] *Whitehouse v. Quinn* (1982), Ind.App., 443 N.E.2d 332, *trans pending; see Criss v. Bitzegaio* (1981), Ind., 420 N.E.2d 1221. This is true because, in a trial where a statute of limitations defense is at issue, once the party pleading the defense has sustained his burden of proving the action was begun beyond the statutory period, the party relying on facts in avoidance of the limitations defense assumes the burden of proving those facts. *See D.E.F. v. E.M.* (1977), 173 Ind.App. 274, 363 N.E.2d 1030. Similarly, because the function of the summary judgment device is to limit the issues for trial by foreshadowing the proof that will be

5. Federal authority also strongly supports the proposition that the burden of establishing the existence of material facts in avoidance of a statute of limitations defense shifts to the opponent of a summary judgment motion once the proponent of the motion has presumptively established the defense. For example, in *Sanchez v. Loffland Bros. Co.* (5th Cir.1980), 626 F.2d 1228, the widow of a deceased seaman brought a wrongful death action against her husband's employer, who sought summary judgment on the grounds of a statute of limitations defense. The district court granted the employer summary judgment, and on appeal, the widow argued the employer was estopped from raising the limitations defense. In affirming the district court, the Fifth Circuit Court stated:

"Summary judgment is properly rendered for the defendant on the basis of the expiration of the statute of limitations unless the plaintiff presents facts in accordance with F.R.Civ. Proc. 56(e) which create a genuine factual issue as to defendant's conduct that would equitably estop him from asserting the statutory bar. [Footnote omitted.] No such factual issue has been created."

626 F.2d at 1231–32. *See also Walker v. American Motorists Ins. Co.* (5th Cir.1976), 529 F.2d 1163 (summary judgment for defendant on basis of statute of limitations properly granted where plaintiff failed to carry burden of establishing he came within exception to statute of limitations for fraudulent concealment); *cf. Posey v. Skyline Corp.* (7th Cir.1983), 702 F.2d 102 (in employee's civil action under federal Age Discrimination in Employment Act, which requires employee to file charge of discrimination with Secretary of Labor within 180 days of discriminatory act as precondition to civil action subject to court-created exception that tolls the 180 day period if employer fails to post notice to employees of ADEA rights, summary judgment for employer properly granted on ground that employee failed to timely file charge of discrimination, circuit court holding employee's affidavit that he never saw any notice of ADEA rights posted insufficient to create a genuine issue of fact in face of employer's affidavit that such notice was posted at time of employee's discharge).

adduced at trial and weeding out those issues on which there is no question of fact, when the proponent of a summary judgment motion presumptively establishes his statute of limitations defense, the burden of demonstrating the existence of material facts in avoidance of the defense shifts to the opponent of the motion.

 In the case before us, the face of the amended proposed complaint, which added Dr. Conard as a defendant, shows that this action was initiated against Dr. Conard beyond the Medical Malpractice Act's two-year statute of limitations,[6] because it is file-stamped March 11, 1983 and alleges the malpractice occurred on or about February 13, 1981. Dr. Conard's supporting affidavit (which must be accepted as true unless controverted by supporting materials filed by plaintiff, see Criss v. Bitzegaio, supra) demonstrated that his physician-patient relationship with plaintiff began and ended on February 13, 1981; thus, the statute of limitations could not have been tolled by any fraudulent concealment on the defendant's part. See Guy v. Shuldt (1956), 236 Ind. 101, 138 N.E.2d 891 (fraudulent concealment ceases to toll statute of limitations when confidential relationship between doctor and patient is terminated). Waugh did not dispute the averment by Dr. Conard, and the burden was therefore on Waugh to demonstrate a factual issue of avoidance of Dr. Conard's statute of limitations defense on some other basis.

In his brief in opposition to Dr. Conard's motion for summary judgment, and again on appeal before this court, Waugh has argued that the statute of limitations defense is avoided by the doctrine of relation back established by Trial Rule 15(C), which reads in relevant part:

"(C) Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Waugh has argued, and the trial court believed, see supra at 133, that in the normal course of events following the service of the summons and complaint on the original defendant, Lafayette Home Hospital, the hospital would have determined that the unnamed examining physician referred to in the original complaint was Dr. Conard, notified him of the institution of the action, and notified him that but for a mistake on the plaintiff's part regarding the relationship between the hospital and the doctor, i.e., a mistake concerning the identity of the proper defendant, the action would have been brought against Dr. Conard.

 The Trial Rule 56(C) supporting materials properly before the trial court fail to support Waugh's assertion, however. Neither the original nor the amended proposed complaint alleged any notification by the hospital to Dr. Conard within the statute of limitations period, as required by Trial Rule 15(C). The only affidavit on file is that of Dr. Conard negating the fraudulent concealment theory of tolling the statute of limitations. Waugh presents us with no depositions, answers to interrogatories, admissions, affidavits or testimony from which it could reasonably be determined or inferred Dr. Conard received the sort of notice that Trial Rule 15(C) requires for relation back of a pleading. See Czarnecki v. Lear Siegler, Inc. (1984), Ind., 471 N.E.2d 299, at 301 ("It is clear that Ind.R.

6. See IND.CODE 16–9.5–3–1 (1982).

Tr.P. 15(C) contemplates the newly named defendant will have received notice of the institution of the action such that he will not be prejudiced in maintaining his defense on the merits. It is equally clear the rule contemplates that such a defendant knew or should have known that but for a mistake concerning the identity of the proper party, the action would have been brought against him.") It was Waugh's burden to do so. *Whitehouse v. Quinn, supra.* Statements or allegations contained in a brief in opposition to a motion for summary judgment will not suffice. *Freson v. Combs, supra.*

Therefore we must hold that the trial court erred in determining there was a genuine issue of material fact remaining for trial in this cause. The pleadings and affidavits in this record—there being no other Trial Rule 56(C) supporting materials available—demonstrate there is no genuine dispute that the action against Dr. Conard was initiated beyond the statute of limitations period. Waugh has failed to present any facts in proper form that raise a factual issue of avoidance of the statute of limitations defense by the doctrine of relation back or otherwise. He did nothing more than suggest the possibility of such a factual issue in his brief in opposition to the summary judgment motion. As a result, Dr. Conard is entitled to judgment as a matter of law. It follows that the trial court erred in denying his motion for summary judgment.

Reversed.

CONOVER and YOUNG, JJ., concur.