**Ronald F. SEGALLY, Appellant (Defendant Below),**

v.

**Luidas ANCERYS and Irena Ancerys, Appellees (Plaintiffs Below).**

**No. 3–385A49.**

Court of Appeals of Indiana,
Third District.

Dec. 17, 1985.
Rehearing Denied Feb. 7, 1986.

David J. Hanson, Theresa L. Spring-mann, Spangler, Jennings, Spangler & Dougherty, P.C., Merrillville, for appellant.

Milan D. Tesanovich, Enslen, Enslen & Matthews, Hammond, for appellees.

STATON, Presiding Judge.

This cause is before us on interlocutory appeal of a trial court's decision to deny a motion for summary judgment. The facts underlying this case are that in the early hours of April 7, 1981, an automobile being operated by Luidas Ancerys (Ancerys) was struck from behind by a car driven by Ronald Segally (Segally). The accident occurred at the Virginia Street Traffic Post and Gatehouse at the entrance to United States Steel Corporation—Gary Works (U.S. Steel). Both drivers admitted to being employed by U.S. Steel. Ancerys was a Motor Inspector at the 210 Plate Mill,[1] and Segally was a Security Officer. No timely claim pursuant to Indiana's Workmen's Compensation Act, IC 1974, 22–3–2–1 (Burns Code Ed.) was filed.[2]

Mr. Ancerys and his wife, Irena, filed a tort action against Segally alleging damages in excess of $425,000.00.[3] After discovery was conducted, Segally filed a Motion for Summary Judgment arguing that the Industrial Board of Indiana under Indiana's Workmen's Compensation Act (Act) had exclusive subject matter jurisdiction of Ancerys' claim. In opposition to that motion, Ancerys claimed that three issues of material fact existed which precluded a grant of summary judgment. Those "facts" were as follows: 1) whether Segally was an employee of U.S. Steel at the time of the accident; 2) whether the accident took place on property owned, controlled or maintained by U.S. Steel; and 3) whether an hour and fifteen minute interval between the time the accident occurred and the time Ancerys was scheduled to work qualified the incident as occurring outside of Ancerys' scope of employment.

On January 31, 1985, the trial court held an off-the-record conference on the motion for summary judgment, which counsel for both parties attended. Following this conference, the trial court took the matter under advisement, and consequently, unaccompanied by any findings of fact or conclusions of law, denied Segally's motion.

Pursuant to Ind.Rules of Procedure, Appellate Rule 4(B)(6),[4] the denial of the motion for summary judgment was certified for appeal as an interlocutory order, and a single issue is presented for our review. That issue is as follows:

> Whether the facts of record show that Ancerys' claims are barred by the exclu-

---

1. As a result of the injuries received in this accident, Mr. Ancerys was forced to take early retirement from U.S. Steel.

2. IC 1974, 22–3–3–3 (Burns Code Ed.) provides, in relevant part

 "The right to compensation under this act [22–3–2–1—22–3–6–3] shall be forever barred unless within two [2] years after the occurrence of the accident, or if death results therefrom, within two [2] years after such death, a claim for compensation thereunder shall be filed with the industrial board:"

3. Mr. Ancerys alleges that he suffered whiplash as a result of the collision with Mr. Segally. Together his lost earnings and property damage to his automobile amounted to damages in excess of $325,000.00. Mrs. Ancerys asserts a

claim for loss of consortium with her then 59 year old husband causing her damage in excess of $100,000.00.

4. Ind.Rules of Procedure, AP. 4(B)(6) provides, in relevant part

 "In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

 \* \* \* \* \* \*

 (6) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof 'finds on petition that:"

sive remedy provisions of Indiana's Workmen's Compensation Act, and if so, was it an abuse of discretion to deny the motion for summary judgment? Affirmed.

### I.

#### Summary Judgment

At the onset, we note several relevant points of law pertaining to summary judgment. In *Jones v. City of Logansport* (1982), Ind.App., 436 N.E.2d 1138, *reh. denied*, 439 N.E.2d 666, this Court discussed summary judgment procedure [5] at length. There we wrote

"In reviewing a grant of summary judgment, this Court uses the same standard applicable to the trial court. *Richards v. Goerg Boat & Motors, Inc.* (1979), [179] Ind.App. [102], 384 N.E.2d 1084, 1090 (*trans. denied*). We must reverse the grant of a summary judgment motion if the record discloses an unresolved issue of material fact or an incorrect application of the laws to those facts. *Id.*"

*Id.,* at 1143.

More recently, this Court has observed that the moving party bears the burden of establishing that there exists no issue of material fact. Therefore, it is the party seeking summary judgment who must set forth specific facts negating plaintiff's claims—even though it is the opposing party who would bear the burden of producing those facts should the case proceed to trial. For that reason, evidentiary matters are to be construed in the light most favorable to the non-moving party, and, even if not in dispute, summary judgment is inappropriate if conflicting inferences arise from the facts. *Board of Aviation Com'rs of St. Joseph County, Ind. v. Hestor* (1985), Ind.App., 473 N.E.2d 151, 153.

Summary judgment may be appropriate, however, where there is no dispute regarding facts which are dispositive, and the moving party is entitled to judgment as a matter of law. *Penwell, v. Western &*

*Southern Life Ins. Co.* (1985), Ind.App., 474 N.E.2d 1042, 1044; *Morgan v. Southern Indiana Bank & Trust Co.* (1985), Ind.App., 473 N.E.2d 158, 160.

In accordance with the abovementioned cases, to properly review the trial court's denial of the motion for summary judgment, we must look to the pleadings, depositions, answers to interrogatories and affidavits contained in the record. *See Conard v. Waugh* (1985), 474 N.E.2d 130, 133–34 (supporting materials other than those in the form intended by TR. 56 are not to be relied on, *e.g.*, briefs). Our task then, is to comb the record to determine if there exists an unresolved issue of material fact.

### II.

#### Scope of Employment

In the Memorandum in Support of Motion to Deny Motion for Summary Judgment, Ancerys argued that because he and Segally were in the process of arriving for work, as opposed to being in the midst of their mutual employment, that the exclusive remedy of the Act is not invoked. In addition, Ancerys urges us to conclude that it is an unresolved issue of material fact whether or not Ancerys was acting within the scope of his employment when he was involved in the traffic accident with Segally one hour and fifteen minutes before he was scheduled to begin work.

In a recent case, our state Supreme Court addressed the scope of employment issue and the Act. In *Donahue v. Youngstown Sheet & Tube Co.* (1985), Ind., 474 N.E.2d 1013 (DeBruler dissenting), an accident took place on a public road after a worker had "punched out" and was walking to her automobile. Concluding that compensation coverage under the Act did not exist under those circumstances, the *Donahue* court explained

"... worker's compensation benefits are awarded to employees only for injuries which arise out of and in the course of

---

**5.** *See Also,* Ind.Rules of Procedure, Trial Rule 56.

employment and a claimant must show a causal connection between his or her employment and injury for the injury to have been received in the course of the employment."

*Id.*, at 1014.

The accident in *Donahue* was found to be outside the course of employment because the situs of the accident was not under the exclusive possession and control of the employer. Because the accident occurred along a public thoroughfare, the general public was exposed to the same risks as the employee, and the conclusion was that the risk was beyond the employment relationship. *Id.*, at 1015. In cases where accidents occur away from the employer's premises, the Act applies only to employees who have been engaged in activities which are found to be, in some material respects, incidental to employment or beneficial to the employer. *Id.*, at 1017. Whether or not injuries occur in the course of employment ordinarily is a question of fact. *Id.*, at 1014.

Such factual findings are often answers to close questions, as illustrated by the dissent in *Donahue.* There Justice DeBruler opined that the time and place elements in *Donahue* were within the Act. In his dissent, reference is made to *United States Steel Corporation v. Brown* (1968), 142 Ind.App. 18, 231 N.E.2d 839, *trans. denied.*

In *Brown*, the Act was found to apply to an employee who had clocked out and walked to the intersection of a company road and a public road. There she stepped into the company road to accept a ride from another employee and was struck by a car entering the plant. The *Brown* court explained that whether the accident occurred on or off the employer's premises is but one factor of many to consider in determining whether an injury is compensable under the Act.

To be covered by the Act, *Donahue* and the Act itself make it clear that injury or death by accident must arise out of and in the course of employment.[6] To make that determination, the actual situs of the injury, although a consideration, is not controlling. Other considerations are the type of activity in which the employee was engaged when injured and their relationship to: his duties; the reasonableness of employee's acts in relation to the sum total of conditions and circumstances constituting the work setting at the time of the injury; and finally, the knowledge and acquiescence of the employer in situations where acts incidental to employment are being done in violation of company rules. *Prater v. Indiana Briquetting Corp.* (1969), 253 Ind. 83, 251 N.E.2d 810, 813. The pivotal question in cases arising under the Act is whether or not the employee's exposure to the hazard which caused injury was increased by reason of employment. *Dubbert v. Beucus* (1933), 96 Ind.App. 390, 185 N.E. 311, 313.

Generally, merely traveling to work or coming home therefrom is not within the scope of employment; so without more, accidents which occur during these periods are not recoverable under the Act.[7] A public policy exception to that general rule has been created by this Court and extends coverage of the Act to those accidents resulting from the ingress-egress of employees to the employer's operating premises or extensions thereof. *Ward v. Tillman* (1979), 179 Ind.App. 626, 386 N.E.2d 1003; *O'Dell v. State Farm Mut. Auto. Ins. Co.* (1977), 173 Ind.App. 106, 362 N.E.2d 862, *trans. denied.*

Those cases hold that accidents occurring under conditions of employment related risk usually fall within the ambit of the Act. The announced test to determine if the parties were in the same employ is

---

**6.** IC 1974, 22–3–2–2 (Burns Code Ed., Supp. 1985).

**7.** There are, however, some instances where such accidents would be compensable. *See e.g., Wayne Adams Buick, Inc. v. Ference* (1981), Ind. App., 421 N.E.2d 733, 736, *trans. denied.* (employee was engaged in performance of a duty incidental to the nature of his employment); *Miller v. Barrett* (1971), 148 Ind.App. 685, 269 N.E.2d 772, *trans. denied* (employer furnishes transportation).

whether the denominated defendant could obtain compensation under the same or similar circumstances. *Id.*, 362 N.E.2d at 866; *Ward, supra*, 386 N.E.2d at 1005. Clearly, these cases would control the disposition of the case at bar were there no questions of fact concerning Ancerys' employment status and his scope of employment at the time of the accident.

 Turning to the record of this case, much testimony and evidence was produced concerning the location of the collision between Segally and Ancerys. Although important, whether or not the situs of the accident was owned or controlled by U.S. Steel or the City of Gary does not control our decision. The common thread in *Donahue, supra* (increased risk due to employment), and *Dubbert, supra* (increased risk due to employment), is whether the risk of injury was common to all or was it incidental to employment.

The facts reveal that Segally struck Ancerys at the gatehouse of the U.S. Steel plant. We are not told, however, much about the conditions and circumstances of the site, *e.g.*, whether non-U.S. Steel workers are present at the intersection, or if many employees are picked up or dropped off by non-employees.[8] Without this additional information, we are unable to conclude whether or not the risk to Ancerys at the gatehouse was exclusive to U.S. Steel employees, or if it was common to workers and non-workers alike. *Donahue, supra; Dubbert, supra.*

Also unresolved by the record is the type of activity Ancerys was engaged in at the time of the accident. The record reveals that he was *en route* to his job at U.S. Steel but lacking are the facts which would enable us to determine what, if any, relationship existed between Ancerys' arrival at the gatehouse one hour and fifteen minutes early and his employment duties at U.S. Steel. *Prater, supra*, 251 N.E.2d 810.

In his reply brief, Segally argues vigorously that because Ancerys has not stated specifically that he arrived early to work for personal reasons, the only inference we can draw is that he did not arrive for personal reasons. The only evidence on the record addressing this point is Ancerys' deposition where he stated that he left for work at his "normal time." Unfortunately, we are not told by either Ancerys or Segally what his normal working routine is like. It is just as possible for us to infer that Ancerys arrived early merely for personal reasons as it is that he arrived early to attend to some employment related task.

Segally contends that Ancerys has relied impermissibly on mere allegations to oppose summary judgment. In *Conard v. Waugh, supra*, 474 N.E.2d 130, the opponent of summary judgment failed to produce specific facts to negate the affirmative defense of statute of limitations, and summary judgment was granted. In that case the Court of Appeals explained:

> "When a motion for summary judgment is made and supported by materials contemplated by this rule, the opposing party may not rest on his pleadings, but must set forth specific facts, again, using supporting materials contemplated by Trial Rule 56, which demonstrate that summary judgment is not appropriate. T.R. 56(E); *Bell v. Horton* (1980), Ind. App., 411 N.E.2d 648. If the opposing party fails to respond in this way, summary judgment, if appropriate, *may* be entered against him. T.R. 56(E), although the court should not do so as a matter of course, but should examine the supporting materials available to it. T.R. 56(C); *see Means v. Indiana Financial Corp.* (1981), Ind.App., 416 N.E.2d 896."

*Id.* at 134 (emphasis supplied).

In *Conard*, the opponent of summary judgment did not submit affidavits, depositions, answers to interrogatories or testimony to negate the statute of limitations defense. The present case differs from Conard in that supporting materials were

---

8. In his deposition, Ancerys stated that the public could not get past the guardhouse without a U.S. Steel parking sticker, but it is not clear whether in fact non-U.S. Steel employees were often present at that site.

presented and available. Neither Ancerys nor Segally, however, squarely provided us with evidence on what we feel are the crucial facts, namely, are non-employees often present at the place where the accident occurred, and was Ancerys' behavior on the day of the accident incidental to his employment. Thus, unlike *Conard,* where a clearly defined narrow defense was raised, here Segally raised a broad question regarding the applicability of the Act. Segally focused his support for the motion for summary judgment on the collateral issue regarding ownership and control of the accident situs, and not on the conditions and circumstances of that place. Also, the scope of employment issue was inadequately addressed. For those reasons, we believe that Segally has failed to establish that no genuine issues of material fact exist.

Being mindful of our teaching contained in *Hestor, supra,* that evidentiary matters are to be construed in the light most favorable to the non-moving party and that summary judgment is inappropriate when conflicting inferences arise from the facts, we can not conclude that the trial court abused its discretion by denying summary judgment.

Segally has not produced sufficient facts to negate Ancerys' claim, and from the record, it is not possible for us to infer that Segally is entitled to summary judgment as a matter of law. Based on the record before us, it is not clear that Ancerys' claim is precluded by the Act, since the scope of employment issue remains unresolved.

Affirmed.

GARRARD and HOFFMAN, JJ., concur.