Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 24 2013, 5:29 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOHN P. NICHOLS**
Anderson & Nichols
Terre Haute, Indiana

ATTORNEY FOR APPELLEES:

**ROBERT F. DOLACK**
Travelers Staff Counsel Office
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| NANCY HARNEY, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No. 84A05-1304-CT-184 |
| ) | |
| DENNY'S RESTAURANT, INC., ) | |
| B.R. ASSOCIATES, INC., and CITIZENS BANK ) | |
| OF MICHIGAN CITY INDIANA, ) | |
| ) | |
| Appellees-Defendants. ) | |

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1104-CT-3372

**September 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

The undisputed facts are that on May 7, 2009, Nancy Harney was employed as a server at a Denny's Restaurant in Terre Haute owned by franchisee B.R. Associates, Inc. Approximately ten minutes before her shift, she "parked on the side of the building where the employees are supposed to park," walked up the sidewalk toward the restaurant, and slipped and fell on gravel scattered across the sidewalk at the entrance. Appellant's App. at 60. Harney filed a negligence complaint against Denny's, B.R. Associates, and Citizens Bank of Michigan City Indiana, which has an ownership interest in the premises. The defendants filed a motion for summary judgment asserting that Harney's exclusive remedy is under the Indiana Worker's Compensation Act ("the Act"). The trial court granted the motion without a hearing. Harney now appeals.

The Act "provides compensation to employees for injuries which arise out of and in the course of their employment." *Lawhead v. Brown*, 653 N.E.2d 527, 529 (Ind. Ct. App. 1995) (citing Ind. Code § 22-3-2-2). "The rights and remedies under the Act are exclusive and exclude all other rights and remedies for such injuries." *Id*. (citing Ind. Code § 22-3-2-6). "[T]he course of employment includes the time that employees are on the employer's premises and are going to and leaving the work place." *Id*. "[T]he period of employment includes a reasonable time before and after the employee engages in work." *Id*. "[T[he Act extends 'to those accidents resulting from the ingress-egress of employees to the employer's operating premises or extensions thereof.'" *Id*. (quoting *Segally v. Ancerys*, 486 N.E.2d 578, 581-82 (Ind. Ct. App. 1985)).

Harney's only argument against the Act's applicability is that she "was walking in an area where non-employees are often present." Appellant's Br. at 4. Contrary to her assertion, *Segally* does not state that being injured in a public area precludes application of the Act. In fact, *Segally* says that "the actual situs of the injury, although a consideration, is not controlling." 486 N.E.2d at 581. Because it is undisputed that Harney was injured as she was about to enter the restaurant to begin her shift, we agree with the trial court that her injuries arose out of and in the course of her employment and that her exclusive remedy is under the Act. *See Lawhead*, 653 N.E.2d at 529 ("An injury 'arises out of' employment when a causal nexus exists between the injury sustained and the duties or service performed by the injured employee.… [A]ccidents resulting from employees arriving at or leaving from an employer's premises are employment related risks.").

That being said, we note that a summary judgment motion is inappropriate for raising the Act's exclusivity provision because it is an attack on the trial court's subject matter jurisdiction. *Davis v. Cent. Rent-A-Crane, Inc.*, 663 N.E.2d 1177, 1179 (Ind. Ct. App. 1996) (citing *Perry v. Stitzer Buick GMC, Inc.*, 637 N.E.2d 1282, 1286 (Ind. 1994)), *disapproved on other grounds by GKN Co. v. Magness*, 744 N.E.2d 397 (Ind. 2001).

> Summary judgment cannot be rendered by a court without jurisdiction. Instead, the defense should be raised as an affirmative defense in the answer or by a motion to dismiss pursuant to Ind. Trial Rule 12(B)(1). Thus, the motion for summary judgment shall be treated as a motion to dismiss for lack of subject matter jurisdiction.

*Id*. (citations omitted). Consequently, we reverse the trial court's entry of summary judgment and remand with instructions to dismiss for lack of subject matter jurisdiction.

Reversed and remanded.

BARNES, J., and PYLE, J., concur.